
03/04/2016

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § | | CASE NO. 15-40792 |
| **BENJAMIN J SINGLETON** § | | |
| Last Four Digits of Tax ID #6091 § | | CHAPTER 13 |
| **CATHERINE R. SINGLETON** § | | |
| Last Four Digits of Tax ID #3892 § | | |
|     DEBTORS § | | |
| § | | |
| **NATIONSTAR MORTGAGE LLC,** § | | |
|     MOVANT § | | |
| § | | |
| VS. § | | |
| § | | |
| **BENJAMIN J SINGLETON AND CATHERINE R. SINGLETON, DEBTORS, AND CAREY D. EBERT, TRUSTEE** § | | |
|     RESPONDENTS § | | |
| § | | |
| Debtors' Property Address: § | | |
|     1106 Klondike Lane § | | |
|     Allen, Texas 75002 § | | |

## AGREED ORDER MODIFYING STAY

Came on before the Court for consideration the Motion For Relief From Stay Of Act Against Property filed by NATIONSTAR MORTGAGE LLC**,** its successors and assigns and Debtors' response.  Movant and Debtors both appeared.  The Court conditionally modifies the Automatic Stay of 11 U.S.C. §362 as follows:

The parties stipulate that on July 5, 2007, Benjamin J. Singleton, executed an Interest- Only Period Fixed Rate Note, hereinafter referred to as the "Note", in the original principal amount of $246,841.00, payable to the order of Homecomings Financial, LLC f/k/a Homecomings Financial Network, Inc.  Movant is currently the owner of the Note.

1

Concurrently with the execution of the Note, the Debtors, Benjamin J. Singleton and Catherine Singleton executed a Deed of Trust (the "Deed of Trust") securing repayment of the Note encumbering the Property described below.

The parties further stipulate that the amount of the post-petition arrearage due on the Note, through and including the March 1, 2016 post-petition payment, including late charges, attorney's fees and costs is $6,312.07, hereinafter referred to as the "Arrearage" which consists of payments from December 1, 2015 through March 1, 2016 at $1,805.37 each with suspense of $1,759.41 and attorney's fees and costs for the Movant's Motion of $850.00.

**IT IS THEREFORE ORDERED** that, pursuant to the terms of the Note, Debtor shall disburse directly to Movant, timely when due, each monthly installment that becomes due on or after April 1, 2016. The monthly payment in regard to the Note is currently in the amount of $1,118.35 (principal and interest) and escrow of $687.02 for a total monthly payment amount of $1,805.37. This amount is subject to change according to the terms of the Note and Deed of Trust.

**IT IS FURTHER ORDERED** that the Debtor shall have 30 days from entry of this order to provide proof of payments. Said proof shall consist of a copy of the front and back of check and/or money order. Movant shall research proof and provide credit, if any, to the Arrearage listed in this order and the amount should be reduced accordingly.

**IT IS FURTHER ORDERED** that the Debtors shall amend or modify the Chapter 13 Plan within 30 days of entry of this order, to include the post-petition Arrearage to be paid through Debtors' Amended Chapter 13 Plan. This Order shall constitute and is allowed as an amended claim and payment shall be made on such arrears by the Trustee as

2

an amended proof of claim for such arrears. If the Debtors' Chapter 13 Plan is not amended or modified within 30 days of entry of this order to include the Arrearage, the Automatic Stay of 11 U.S.C. §362 shall be ordered lifted with respect to Movant **without further notice** to Debtors.

**ORDERED** that Debtors shall make all Trustee payments according to the Plan. Debtors shall keep all Trustee payments current.

**ORDERED** that the above-referenced mortgage installments and additional payments to bring arrearages current shall be made to the mortgage company at the following address:

> Nationstar Mortgage LLC
> Attn. Bankruptcy Department
> P.O. Box 619094
> Dallas, Texas 75261
>
> (Please put loan number on payment and send payment via certified mail return receipt requested so that your payment can be tracked)

**ORDERED** that if Debtors default on any of the terms of this Order concerning monthy mortgage payments, Movant shall mail notice of the default to Debtors by certified mail, return receipt requested, and by regular mail. Movant is entitled to charge and collect $50.00 in attorney's fees plus costs for the Notice of Default and Certificate of Default. Unless Debtors cure the default within ten (10) days of the date Movant mails the notice, the Automatic Stay of 11 U.S.C. §362 shall be and is hereby ordered lifted with respect to Movant, its assignees and/or successors in interest. Debtors are only entitled to two notices of default. Upon the third default by the Debtors to remit any of the payments referenced above or the failure of the Debtors to timely cure the first or second notice of default, the Automatic Stay of 11 U.S.C. §362 shall be ordered lifted with respect to Movant without

3

further notice to Debtor. If Debtors default under the terms of this Order and the automatic stay is lifted, Movant, and its assignees and/or successors in interest, shall be excepted from the Automatic Stay and authorized to enforce its lien and to pursue its statutory and contractual remedies to gain possession of the following described real property:

**BEING LOT 3 IN BLOCK A OF PARKSIDE VILLAGE, AN ADDITION TO THE CITY OF ALLEN, COLLIN COUNTY, TEXAS, ACCORDING TO THE AMENDED PLAT THEREOF RECORDED IN VOLUME 2006, PAGE 374, MAP RECORDS, COLLIN COUNTY, TEXAS.**

Also known as:
**1106 Klondike Lane**
**Allen, Texas 75002**

**ORDERED** that in the event this case is converted to a case under a different Chapter of the Bankruptcy Code, the automatic stay shall lift as to Movant, as long as the Property is exempt, and any and all arrearages owed to Movant by Debtors shall become immediately due and payable.

**ORDERED** that Movant shall give notice to the Trustee immediately upon foreclosure and that Movant shall amend or withdraw its claim herein within twenty (20) days after foreclosure.

**ORDERED** that in the event this case is dismissed, this Order shall be deemed null and void and neither party shall be bound by its terms.

**ORDERED** that, upon termination of the automatic stay for any reason whatsoever, the requirements of Rule 4001(a)(3) shall be waived.

Otherwise, the Automatic Stay of 11 U.S.C. §362 shall remain in effect.

Signed on 03/04/2016

_Brenda T. Rhoades_   SD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

4

\*   The signature of Movant's counsel shown below is an affirmative representation to the Court that Movant has complied with Bankruptcy Rule Number 4001.

APPROVED AS TO FORM AND SUBSTANCE:

*HARVEY LAW GROUP*

/s/ Esther Gonzales
Kelly J. Harvey
SBN: 09180150
Esther Gonzales
SBN: 24012708
P.O. Box 131407
Houston, Texas 77219
Tel. 832-922-4000
Fax 832-922-6262
*Attorneys for Movant*

Richard A. Pelley
905 N. Travis St
Sherman, TX 75090
Tel. (903) 813-4778
Fax (903) 813-0586
*Attorney for Debtor*

Ben Singleton

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| IN RE: BEN SINGLETON CATHERINE SINGLETON DEBTOR | CASE NO. 15-40792 |
|---|---|

### DECLARATION OF DEBTOR(S) UNDER PENALTY OF PERJURY REGARDING REQUEST TO PAY POST-PETITION MORTGAGE OBLIGATIONS THROUGH CHAPTER 13 PLAN MODIFICATION

I, as one of the Debtor(s) in the above-referenced case, owe a debt secured only by a security interest in real property that is my/our principal residence (a "mortgage debt") and have fallen in arrears on that obligation, in contravention of our obligations under my/our confirmed Chapter 13 plan. We will be seeking the Court's permission to modify that confirmed plan to address these post-petition obligations and, in support of that request, declare under penalty of perjury that the following statements are true and correct:

NUMBER OF POST-PETITION MONTHS IN ARREARS: 4

CALENDAR RANGE OF ARREARAGES: from [month], [year] to [month] to [year]   Dec 2015 - March 2016

REASON FOR ARREARAGES:
☐ Loss of Post-Petition Income
☐ Unbudgeted Medical Expenses
☒ Other Hardship

DETAILED EXPLANATION:

DATE: 3/1/2016   SIGNATURE: _____